IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY [signature] D.C.
05 AUG 29 PM 3:46
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

ERIC J. FAIR,

Petitioner,

vs. No. 05-2074-Ma/P

RICKY BELL,

Respondent.

ORDER CORRECTING THE DOCKET
ORDER DENYING MOTION TO HOLD APPEAL IN ABEYANCE
AND
ORDER DENYING MOTION PURSUANT TO FED. R. CIV. P. 60(b)

Petitioner Eric J. Fair, Tennessee Department of Correction prisoner number 229661, who is currently incarcerated at the Whiteville Correctional Facility in Whiteville, Tennessee,[1] filed a pro se petition pursuant to 28 U.S.C. § 2254 on January 28, 2005. Fair paid the habeas filing fee on February 1, 2005. The Court issued an order on June 15, 2005 that inter alia, dismissed the petition as time barred and denied a certificate of appealability. Judgment was entered on June 24, 2005. On July 15, 2005, Fair filed a notice of appeal, a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), and a motion seeking to

[1] As the petitioner notified the clerk of his change of address on August 3, 2005, the clerk is ORDERED to correct the docket to reflect that new address.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 9-6-05

hold his appeal in abeyance pending a decision on his Rule 60(b) motion.

The first matter to be considered is whether this Court has jurisdiction over Fair's Rule 60(b) motion.[2] "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." Pittock v. Otis Elevator Co., 8 F.3d 325, 326 (6th Cir. 1993); see also Dickerson v. McClellan, 37 F.3d 251, 252 (6th Cir. 1994); Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993).[3] Thus, "[a]s a leading treatise states, '[o]nce an appeal has been taken from the judgment, the district court no longer has jurisdiction over the case and cannot reopen the judgment to allow an amendment to be made.'" Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dep't of Natural Res., 71 F.3d 1197, 1203 (6th Cir. 1995) (quoting 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1489 (1990)). Similarly, a district court does not have jurisdiction to address the merits of a motion pursuant to Fed. R. Civ. P. 60(b). Banfield v. Turner, Nos. 94-3663, 94-3864, 1995 WL 544085, at *4 (6th Cir. Sept. 12, 1995) (notice of appeal and Rule

---

[2] Fair's Rule 60(b) motion does not fall within Fed. R. App. P. 4(a)(5)A)(vi), because it was not filed within 10 days of the entry of judgment. That period expired on July 11, 2005 and Fair's notice of appeal was filed, within the meaning of Houston v. Lack, 487 U.S. 266 (1988), no earlier than July 12, 2005, the date on which it was signed.

[3] None of the exceptions to that general rule is applicable here. See Lewis, 987 F.2d at 394-95.

60(b) motion filed on same day); Pittock, 8 F.3d at 327. Even if plaintiff did not intend to divest this Court of jurisdiction by filing his notice of appeal,

> [c]ourts cannot be required to read parties' minds. When a party has filed a notice of appeal and takes no steps to dismiss the appeal, courts must be able to assume that the party meant to file the appeal and live with its attendant consequences.

Banfield, 1995 WL 544085, at *5.

The filing of plaintiff's notice of appeal has divested this Court of jurisdiction to consider the merits of petitioner's Rule 60(b) motion.[4] Accordingly, the Court DENIES petitioner's motions to hold the petition in abeyance and for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

IT IS SO ORDERED this 26th day of August, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[4] This Court is aware of certain decisions pursuant to which the Sixth Circuit will remand a case if the district court certifies an intent to grant a Rule 60(b) motion. See, e.g., Street v. Foltz, No. 87-1627, 1988 WL 79703, at *1 (6th Cir. July 29, 1988); Smith v. Combustion Eng'g, Inc., Nos. 87-3378, 87-3657, 87-3761, 1988 WL 31547, at *2 (6th Cir. Apr. 11, 1988). In this case, however, this Court has no inclination to grant the Rule 60(b) motion. The primary argument advanced in that motion, whether Fair's 2002 state habeas petition tolled the running of the limitations period, has already been considered and rejected in the Court's dismissal order. See 06/15/05 Order at 5 n.2. Fair's argument that no statute of limitations governs the filing of a state habeas petition pursuant to Tenn. Code Ann. § 29-21-101 et seq. is irrelevant. The one-year limitations period for the filing of a petition pursuant to 28 U.S.C. § 2254 is at issue here. Finally, there is no basis for contending that the limitations period commenced when a fellow prisoner advised Fair of additional issues he could raise. Those issues were available to him previously. See 06/15/02 Order at 5 n.3.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 13 in case 2:05-CV-02074 was distributed by fax, mail, or direct printing on September 6, 2005 to the parties listed.

Eric Fair
RIVERBEND MAXIMUM SECURITY INSTITUTION
229661
7475 Cockrill Bend Road
Nashville, TN 37209

Honorable Samuel Mays
US DISTRICT COURT